# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CINTHIA VAN ALST, | \* | |
| on behalf of minor child, J.V., | \* | No. 15-1180V |
| | \* | Special Master Christian J. Moran |
| Petitioner, | \* | |
| | \* | |
| v. | \* | Filed: January 4, 2018 |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' fees and costs; waiver |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner;
Ann D. Martin, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

After her petition was dismissed from the Vaccine Program, Cinthia Van Alst filed a motion for attorneys' fees and costs. Ms. Van Alst is awarded the full amount of her request, **$24,828.84**.

\*      \*      \*

Ms. Van Alst alleged that the various vaccinations caused J.V. to suffer infantile spasms and subsequent neurological issues. Ms. Van Alst moved, without objection, to have her petition dismissed due to her inability to obtain a supportive expert opinion. Pet'r's Mot. Decision, filed June 27, 2017. Her petition was

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

dismissed for insufficient proof.  Decision, issued July 11, 2017, 2017 WL 3381125.  With the merits of Ms. Van Alst's case resolved, the parties addressed attorneys' fees and costs.

Ms. Van Alst filed an attorneys' fees and costs petition on July 17, 2017, requesting $18,197.50 in fees and $6,631.34 in costs.  Ms. Van Alst's did not incur any costs personally.  Gen. Order No. 9 Statement, filed Jan. 2, 2018.

The Secretary filed a response representing that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed July 27, 2017, at 2.  The Secretary did not raise any specific objections and recommended that the Special Master "exercise his discretion" when determining a reasonable award.  Id. at 3.

This matter is now ripe for adjudication.

\* \* \*

Because Ms. Van Alst did not receive compensation, she must establish that the "petition was brought in good faith and there was a reasonable basis for the claim" before she can receive an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e)(1).  As noted above, the Secretary believes that the statutory requirements for an award of attorneys' fees and costs (by implication, good faith and reasonable basis) have been met.

Because good faith has not been challenged nor does any evidence exist to question it, the undersigned finds that the petition was filed in good faith.  While Ms. Van Alst did not submit an expert report, the undersigned finds that the medical records submitted are sufficient to support a finding of reasonable basis. Accordingly, due to the findings of good faith and reasonable basis, Ms. Van Alst is eligible for an award of attorneys' fees and costs.

Pursuant to the rationale established in Swintosky, the undersigned finds that the Secretary has waived any objections to the amount of fees requested.  No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017).[2]  Absent any

---

[2] In Swintosky, the Secretary submitted a joint notice of decision not to seek review and did not challenge the undersigned's finding of waiver.

2

objections, Ms. Van Alst's request for attorneys' fees and costs is GRANTED IN FULL:

**A lump sum of $24,828.84 in the form of a check made payable to petitioner and petitioner's attorney, Andrew D. Downing.**

This amount represents reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.